UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES E. KELLEY,

    Petitioner,

v.                                      CASE NO. 6:07-cv-733-Orl-22GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8).

Petitioner alleges four claims for relief in his petition: (1) his conviction is illegal based on amendments to Florida's "self-defense" statutes; (2) his sentence is illegal; (3) trial counsel rendered ineffective assistance by failing to call a witness; and (4) the state trial court erred by excluding evidence. For the following reasons, the petition is denied as untimely.

*I.    Procedural History*

In 1992, Petitioner was charged by indictment with one count of first-degree murder. After a jury trial, he was convicted and sentenced to life in prison. Petitioner appealed; and

on June 27, 1995, the Fifth District Court of Appeal of Florida *per curiam* affirmed. (App. D.) Petitioner's motion for rehearing was denied on August 17, 1995, and mandate was issued on September 5, 1995. *Id.*

Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct sentence in January of 2002. (App. K.) The state trial court denied relief on February 8, 2002, and Petitioner did not appeal.[1] *Id.*

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on April 6, 2004.[2] (App. E.) The state trial court denied the motion, and Petitioner appealed. The appellate court *per curiam* affirmed on August 24, 2004. (App. G.)

On April 22, 2005, Petitioner filed a state petition for writ of habeas corpus in the Seventh Judicial Circuit Court of Florida. (Doc. No. 9, Ex. D.) The state trial court denied the petition on May 9, 2005.[3] *Id.*

---

[1]The State did not include Petitioner's 3.800(a) motion in the appendix. However, Petitioner does not dispute that he filed the motion in January of 2002 or that he did not appeal the denial of the motion. Moreover, the Rule 3.800(a) motion is not necessary to the Court's resolution of whether the instant petition is timely.

[2]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

[3]Based on the record before the Court, it does not appear that Petitioner appealed the denial of his habeas petition.

On May 27, 2005, Petitioner filed a second state petition for writ of habeas corpus in the Fifth Judicial Circuit Court of Florida, which denied relief. (Doc. No. 9, Ex. E at 1.) Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on March 7, 2006. (Doc. No. 9, Ex. F.) The appellate court denied Petitioner's motion for rehearing on May 5, 2006. *Id.*

On October 13, 2005, while his second petition for writ of habeas corpus was still pending, Petitioner filed a third state petition for writ of habeas corpus in the Supreme Court of Florida. The petition was construed as a Rule 3.850 motion and transferred to the Fifth Judicial Circuit Court for consideration. (App. H.) The state trial court denied the Rule 3.850 motion, and Petitioner appealed. (App. I.) The Fifth District Court of Appeal *per curiam* affirmed on April 4, 2006. (App. J.) Mandate was issued on June 21, 2006. *Id.*

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

>>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

A prisoner, such as Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). The instant petition was filed on April 23, 2007, under the mailbox rule.

The Court is aware that Petitioner filed numerous state collateral proceedings; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to the state collateral proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner argues that the instant petition is timely because subsequent to his conviction, there was a fundamental change in Florida's law regarding the use of deadly force in defense of oneself or another, such that he is innocent of first-degree murder. *See* Doc. No. 8 at 4-8. Specifically, in claim one, Petitioner argues that on October 1, 2005, the Florida legislature amended the self-defense statutes to provide that (1) there is no duty to retreat when one is defending another who is in danger of imminent bodily injury, and (2) there is no duty to retreat within one's dwelling. In support of his argument, Petitioner relies on sections 776.012,[4] 776.013,[5] 776.031,[6] and 776.032,[7] Florida Statutes.

---

[4]Section 776.012, Florida Statutes, provides in part:

> [A] person is justified in the use of deadly force and does not have a duty to retreat if:
>
> (1) He. . . reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself. . . or another or to prevent the imminent commission of a forcible felony; or
>
> (2) Under those circumstances permitted pursuant to § 776.013.

§ 776.012, Fla. Stat. (2005).

[5]Section 776.013, Florida Statutes, states in relevant part:

> (1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
>
> (a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling. . . ; and

For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[8]  "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998).

---

> (b) The person who uses defensive force knew or had reason to believe that. . . an unlawful and forcible act was occurring or had occurred.
>
> (2) The presumption set forth in subsection (1) *does not apply if*:
>
> (a) *The person against whom the defensive force is used has the right to be in or is a lawful resident of the dwelling . . .* , and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person. . . .

§ 776.013(1)-(2)(a), Fla. Stat. (2005) (emphasis added).

[6]Section 775. 031, Florida Statutes, provides that a person may use deadly force if he reasonably believes that such force is necessary to prevent the imminent commission of a forcible felony, and the person does not have to retreat if he is in a place where he has a right to be.  § 776.031, Fla. Stat. (2005).

[7]Section 776.032, Florida Statutes, states in relevant part, "A person who uses force as permitted in § 776.012, § 776.013, or § 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force. . . ." § 776.032, Fla. Stat. (2005).

[8]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

Petitioner has not demonstrated that the amendments to the self-defense statutes establish that he is actually innocent of first-degree murder. First, the Court notes that the Supreme Court of Florida recently held that section 776.013 does not apply retroactively. *See Smiley v. State*, 966 So. 2d 330, 333 (Fla. 2007). Moreover, even assuming that the amendments to the self-defense statutes were applied retroactively to this case, application of the statutes does not establish Petitioner's actual innocence. In the state trial proceedings, the jury instructions read in pertinent part:

> An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Charles Edward Kelley is charged if the death of Christopher Fox resulted from the justifiable use of force likely to cause death or great bodily harm.
>
> A person is justified in using force likely to cause harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself *or another*.

(App. A at 469) (emphasis added); *see also* App. L at 1578. Additionally, the jury was instructed:

> If the defendant was attacked in his own home or on his own premises, he had no duty to retreat and had the lawful right to stand his ground and meet force with force. Even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to himself or another.

*Id.* at 1584. Thus, the jury was instructed that Petitioner should be found not guilty of first-degree murder if Petitioner reasonably believed that the use of deadly force was necessary to prevent great bodily harm to himself or another. Furthermore, the jury was instructed

that Petitioner did not have a duty to retreat if the force was necessary to prevent death or great bodily harm to himself or another. Similar to the jury instructions in this case, section 776.012(1), Florida Statutes, permits a person to use deadly force and does not require the person to retreat if he reasonably believes that deadly force is necessary to prevent imminent death or great bodily harm to himself or another.[9]

The evidence presented at trial included testimony that Petitioner told individuals that he was going to kill the victim and beat him with a pipe if the victim did not move out of their apartment. (App. L at 974, 1007.) Furthermore, the jury heard that after killing the victim, Petitioner did not report the incident to authorities, but instead attempted to dispose of the body. (App. L at 653, 1333-34.) Finally, testimony was presented that the victim suffered at least twenty-seven blows to his head from the murder weapon. (App. L at 1098, 1106.) Accordingly, Petitioner does not support his allegation of innocence with sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner simply has not presented new, reliable evidence or statutory authority demonstrating his actual innocence. Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed

---

[9]The Court notes that the presumption set forth in section 776.013(1) would not have been applicable in this case because evidence was presented at trial demonstrating that the victim lived with Petitioner. *See* § 776.013(2)(a), Fla. Stat. (2005); *see also supra* n. 6.

herein have been found to be without merit.[10]

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 9th day of April, 2008.

Copies to:
sc 4/9
Charles E. Kelley
Counsel of Record

ANNE C. CONWAY
United States District Judge

---

[10]To the extent Petitioner is asserting that his habeas petition is timely because one or more of his claims is timely, this argument is without merit. The provisions of § 2244(d)(1)(B)-(D) are not implicated by Petitioner's claims. Furthermore, the Eleventh Circuit has held that the latest applicable date determined pursuant to § 2244(d)(1)(A)-(D) establishes when the one-year time limitation expires. *Vedner v. Secretary, DOC,* 2008 WL 647066, *1 (11th Cir. 2008) (citing *Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003)). As such, "individual claims within a single habeas petition are not treated separately in determining whether a petition is timely." *Id.* (citing *Walker*, 341 F.3d at 1245-46).

9